**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RAYMOND WASHINGTON, #16089-078,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00733-JPG** |
| | ) | |
| **WARDEN CLARKE** | ) | |
| **and NURSE BOBBI,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Raymond Washington, a detainee at Pulaski County Detention Center located in Ullin, Illinois, brings this civil rights action under 42 U.S.C. § 1983 for constitutional claims stemming from the denial of a medical mattress. (Doc. 1, pp. 5-6). The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen a prisoner complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from an immune defendant. *See* 28 U.S.C. §§ 1915A(a)-(b).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 5-6): After transferring to Pulaski County Detention Center (Jail) on or around January 14, 2026, Plaintiff asked Officer Stapleton to arrange a meeting with Nurse Bobbi. *Id*. at 5. At the meeting, Plaintiff informed Nurse Bobbi that he is a paraplegic inmate who is confined to a wheelchair and requires a special medical mattress. Nurse Bobbi explained that he was already using a medical mattress, and his existing mattress was appropriate for him. Nurse Bobbi denied Plaintiff's request for a different mattress. *Id*.

Plaintiff's mattress was very thin, and it felt like he was sleeping on the springs. *Id*. at 5. He noticed blood on his sheets after waking up on January 28, 2026. CNA Brooklyn brought him a new mattress the same day, but it was not like the medical mattress he was previously given. Plaintiff emailed the staff to request a medical mattress, and Nurse Bobbi again refused to issue him a different mattress. *Id*. at 6.

Plaintiff developed a large, deep pressure ulcer on his buttocks. A wound doctor had to debride it three times. Even so, Plaintiff developed a serious infection that required treatment with intravenous antibiotics thrice daily for two months. The treatment was not effective. Plaintiff developed additional ulcers and a life-threatening bacterial infection. The wound doctor ultimately issued him a medical mattress. *Id*.

**Preliminary Dismissals**

Plaintiff mentions Officer Stapleton and CNA Brooklyn in the statement of his claim, but he does not identify them as defendants in the Complaint. The Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (title of complaint "must name all the parties").

Plaintiff identifies Warden Clarke as a defendant, but he makes no allegations against the warden in his Complaint. If a plaintiff fails to include the name of a defendant in his statement of claim, that defendant cannot be said to have notice of which claims, if any, are directed against the party. FED. R. CIV. P. 8(a)(2). Accordingly, Warden Clarke shall be dismissed without prejudice.

**Discussion**

Based on the allegations in the *pro se* Complaint, the Court designates a single count:

**Count 1:** Eighth or Fourteenth Amendment claim against Nurse Bobbi for failing to provide Plaintiff with a medical mattress at the Jail beginning in January 2026 and causing him to develop ulcers and a serious infection.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

The applicable legal standard for this claim depends on Plaintiff's status as a pretrial detainee or a convicted prisoner when he was denied a medical mattress at the Jail. If he was a pretrial detainee, the Fourteenth Amendment controls. In this context, the detainee must show that the defendant responded to his unconstitutional living conditions or serious medical needs in an objectively unreasonable manner. *See Wood v. Milwaukee Cnty.*, App. No. 22-3030, 2023 WL 5348344, at *1 (7th Cir. 2023) (citing *Hardeman v. Curran*, 933 F.3d 816, 821-22 (7th Cir. 2019) (conditions); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 351-52 (7th Cir. 2018) (medical care)). If he was a prisoner, the Court instead analyzes this claim under the Eighth Amendment. The prisoner must allege that the defendant responded with deliberate indifference to an objectively serious deprivation or medical need, resulting in the denial of "basic human needs" and conditions or care that fell below the "minimal civilized measure of life's necessities." *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

For screening purposes, Plaintiff's allegations satisfy both standards. The allegations suggest that Nurse Bobbi acted unreasonably and with deliberate indifference when denying Plaintiff's requests for a medical mattress, even after learning that he was a paraplegic, wheelchair-bound inmate who developed ulcers and serious infection following his use of a thin mattress with springs that wounded him. Count 1 will proceed against this defendant, and the parties can sort out the applicable legal standard as the case proceeds.

## Disposition

The Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, and **COUNT 1** will

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

proceed against **NURSE BOBBI**. However, **WARDEN CLARKE** is **DISMISSED** without prejudice because the Complaint states no claim against the warden.

The Clerk of Court shall prepare for Defendant **NURSE BOBBI**, in an individual capacity: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Nurse Bobbi is **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply under 42 U.S.C. § 1997e(g). **Pursuant to SDIL-Local Rule 8.2, Defendant need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action. FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE WARDEN CLARKE as a defendant and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED: 9/10/2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him or her with a copy of your Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is possible that it will take 90 days or more. When the defendant has answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's attorney files an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.